IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Matthew Seth Yarbrough,<br><br>                     Plaintiff,<br><br>    vs.<br><br>Patricia Hammack, Pam Ard, Kim Center, Sharron Pierce, Angel Kennedy, and Jessica Abercrombie,<br><br>                     Defendants. | Civil Action No. 6:14-cv-02897-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The plaintiff, a state prisoner proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

       On September 11, 2014, the defendants filed a motion to dismiss. On September 15, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. The plaintiff requested an extension of time in which to respond to the motion, which was granted through November 20, 2014. The plaintiff did not file a response to the motion.

       As the plaintiff is proceeding *pro se*, the court filed a second order on December 2, 2014, giving the plaintiff through December 22, 2014, to file his response to the motion to dismiss. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff has not filed a response.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motion to dismiss or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard*, 882 F.2d at 95. Should the district court adopt this recommendation, the defendants' motion to dismiss (doc. 19) will be rendered moot.

> s/ Kevin F. McDonald
> United States Magistrate Judge

January 13, 2015
Greenville, South Carolina